OPINION
{¶ 1} On May 3, 2004, appellant, Michael Masten, filed with appellee, Fairfield County Sheriff Dave Phalen, an application for a license to carry a concealed handgun pursuant to R.C.2923.125. In the application, appellant admitted he was subject to a civil protection order out of Hocking County, Ohio. As a result, appellee denied appellant's application on May 12, 2004.
 {¶ 2} On May 24, 2004, appellant filed an appeal with the Court of Common Pleas of Fairfield County. By judgment entry filed December 1, 2004, the trial court affirmed appellee's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in holding that sheriff phalen's denial of mr. masten's application for a concealed carry permit was supported by reliable probative and substantive evidence and is in accordance with law."
 I {¶ 5} Appellant claims the trial court erred in upholding Sheriff Phalen's decision. We disagree.
 {¶ 6} In reviewing an order of an administrative agency pursuant to R.C. 119.12, a trial court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." Ponsv. Ohio State Medical Board, 66 Ohio St.3d 619, 1993-Ohio-122. In Ohio Historical Society v. State Employment Relations Board,66 Ohio St.3d 466, 471, 1993-Ohio-182, the Supreme Court of Ohio explained the standard as follows:
 {¶ 7} "Under R.C. 119.12, a reviewing court is obligated to determine whether the agency's decision is `in accordance with law.' An agency adjudication is like a trial, and while the reviewing court must defer to the lower tribunal's findings of fact, it must construe the law on its own. To the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently."
 {¶ 8} R.C. 2923.125 governs applications to carry a concealed handgun. Subsection (D)(1)(j) states a sheriff shall issue to the applicant a license to carry a concealed handgun if the "applicant is not currently subject to a civil protection order, a temporary protection order, or a protection order issued by a court of another state."
 {¶ 9} In filling out his application, appellant admitted he was under a civil protection order out of Hocking County, Ohio, and produced copies of the order. Appellant argues the civil protection order in question explicitly states it does not affect appellant's right to possess, carry or use firearms therefore, R.C. 2923.125 should not be construed to prohibit the issuance of a concealed carry permit in his case.
 {¶ 10} In upholding appellee's decision, the trial court construed legislative intent and found the following:
 {¶ 11} "R.C. 2923.125 specifically states that one of the criteria that must be met in order for a license to carry a concealed weapon to be issued is that the applicant is not subject to a civil protection order. The legislature has not carved any exception to the language of R.C. 2923.125(D)(1) (a-l). Here, Appellant disclosed to Appellee that he is currently the subject of a protection order in Hocking County and provided Appellee with court documents stating that he is subject to a civil protection order. Thus, pursuant to R.C. 2923.125(D)(1), Appellee correctly refused to issue a license to carry a concealed weapon to Appellant."
 {¶ 12} We agree with the trial court's well-reasoned decision. The statute is very clear: an applicant shall not receive a license to carry a concealed handgun if the applicant is subject to a civil protection order. Appellee's denial of appellant's application is in accordance with law. The denial does not prohibit appellant from purchasing and possessing handguns, just concealed ones, which in effect are the same rights appellant had under the civil protection order. Therefore, there has been no violation of appellant's rights under the Second Amendment.
 {¶ 13} Upon review, we find the trial court did not err in upholding appellee's denial of appellant's application.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.